UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
TOVA EILENBERG,

                       Plaintiff,                      **REPORT AND**
     - v -                                       **RECOMMENDATION**

REINA EZAGUI a/k/a REINA BARUCH,         CV-07-293 (ARR)(VVP)
ELIYAHU EZAGUI and RONEN LEVY,

                       Defendants.
-----------------------------------------------------------------x
POHORELSKY, Magistrate Judge:

       For the reasons more fully explained below, I recommend that the answers of the defendants Reina Ezagui (a/k/a Reina Baruch) and Ronen Levy be stricken and that defaults be entered against them.

       This is an action by the plaintiff that seeks to set aside allegedly fraudulent conveyances of property to the defendants in an effort to provide assets to satisfy a judgment rendered in favor of the plaintiff in a state court action against the defendant Eliyahu Ezagui. The action arises out of an allegedly fraudulent real estate development scheme spearheaded by Eliyahu Ezagui. The scheme involved sales of condominiums to innocent buyers, including the plaintiff, by corporations controlled by Eliyahu Ezagui, who thereafter conveyed deeds to the properties, not to the buyers, but to other individuals – including himself, his wife Reina Ezagui, and his friend Ronen Levy. Eliyahu Ezagui then obtained mortgage loans secured by the properties and pocketed the proceeds of the loans. The plaintiff obtained a judgment in state court transferring to her the deeds for the two condominiums she had purchased. Because the condominiums were encumbered by the mortgages Ezagui had fraudulently

obtained, the plaintiff also obtained a judgment against him for the amount of the outstanding debt on those mortgages. In this action, the plaintiff seeks to set aside other fraudulent conveyances of properties to the defendants that Eliyahu Ezagui had arranged in order to furnish assets that may be sold to satisfy the judgment.

An attorney, Michael Petersen, Esq., filed answers to the original complaint and to subsequent amended complaints on behalf of all of the defendants. By agreement between the parties and with the court's approval, no discovery or other substantive pretrial activity occurred in the action, however, because of criminal proceedings against Eliyahu Ezagui that had been initiated by the government and which arose from the real estate activity at issue here. Those proceedings led to a verdict of guilt in February 2010 on multiple counts of conspiracy and bank fraud for which Ezagui awaits sentencing.

Following the criminal trial, the plaintiff sought to pursue discovery, and the court ordered the defendants to respond to document requests made by the plaintiff. No responses were provided by the deadline set by the court. Instead, shortly after the deadline, counsel for the defendants advised the court that he had been relieved as counsel. Accordingly, after advising counsel that a motion to withdraw was required, the court set a schedule for the filing of papers on the motion and a hearing date of May 28, 2010. The order directed the defendants' counsel to serve copies of the order on each of the defendants. The order included the following language in boldface, italicized type:

> *The defendants Reina Ezagui (also known as Reina Baruch), Eliyahu Ezagui, and Ronen Levy are each hereby expressly cautioned that if they should fail to appear at the above-scheduled hearing, and if they have not otherwise communicated with the court concerning their intention to participate in further proceedings in this action, they will be subject to the entry of default judgments against them.*

The defendants' counsel duly filed his papers on his motion to withdraw, which included a letter signed by Eliyahu Ezagui confirming his decision to terminate his counsel's services. The attorney's affidavit in support of the motion also disclosed that he had had no direct communication with either Reina Ezagui or Ronen Levy, and that he had been asked by Eliyahu Ezagui to represent them since Ezagui had agreed to provide a defense for them in all of the various actions that had been filed arising from their participation in his activities.

Notwithstanding the warning that a failure to appear would constitute grounds for the entry of default judgments, none of the defendants appeared at the hearing on the motion to withdraw as ordered by the court. Counsel for the defendants confirmed that he had sent copies of the scheduling order to his clients along with his moving papers. As counsel had provided good cause to permit his withdrawal, the motion to withdraw was granted. Rather than recommend the entry of default judgments against the defendants, however, the court issued another order to show cause scheduling a hearing for today, June 18, 2010, at which the defendants were to appear in person to advise the court why default judgments should not be entered. The order contained the following provision in boldface, uppercase type:

**IF YOU FAIL TO APPEAR AT THE ABOVE TIME AND PLACE, DEFAULT JUDGMENTS WILL BE ENTERED AGAINST YOU.**

As directed by the court, outgoing counsel served copies of the order to show cause on his clients and filed proof of such service in the record.

Although the defendant Eliyahu Ezagui appeared in person at the hearing today, neither Reina Ezagui nor Ronen Levy appeared or otherwise communicated with the court in response to the order. Their refusal to appear before the court on two successive occasions despite ample notice of the consequences of a failure to appear is clear evidence that they have abandoned their defense. Litigation against them cannot proceed without their participation in discovery and other pretrial proceedings. In the circumstances, I recommend that an order be entered striking their answers and that defaults be entered against Reina Ezagui and Ronen Levy.

The clerk is directed to mail copies of this report and recommendation to each of them at their addresses of record as set forth in their former counsel's various certificates of service.

\*      \*      \*      \*      \*      \*

Any objections to this Report and Recommendation must be submitted to Judge Alleyne Ross within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal any judgment or order entered by the District Court in reliance on this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see, e.g., Thomas v. Arn*, 474 U.S. 140, 155 (1985); *IUE AFL-CIO Pension Fund*

*v. Herrmann*, 9 F.3d 1049, 1054 (2d Cir. 1993); *Frank v. Johnson*, 968 F.2d 298 (2d Cir.), *cert. denied*, 113 S. Ct. 825 (1992); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

Respectfully submitted,

*Viktor V. Pohorelsky*
VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated: Brooklyn, New York
June 18, 2010